UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Anderson McClellan, | ) | C/A No. 9:24-cv-03458-SAL-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Brian Stirling, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Anderson McClellan, a state prisoner who is proceeding pro se and in forma pauperis, brings this action against Defendant pursuant to 42 U.S.C. § 1983 (§ 1983). Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.     BACKGROUND

Plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections (SCDC). Defendant is SCDC Director Brian Stirling. Plaintiff alleges that he was taken to a hospital in Columbia, South Carolina in May 2023. He claims that his clothing was taken from him by unnamed SCDC officers while he was at the hospital. Plaintiff claims that he asked his counselor, unit lieutenant, and other people about his clothing, but did not receive an answer. ECF No. 1 at 5.

No injuries have been alleged by Plaintiff. *See* ECF No. 1. at 6. As relief, Plaintiff requests "To hold Brian Stiring, for taken my clothing and all items that belong to me Hold him for keeping all clothes for than 12- month[s]." *Id.* (errors in original).

## II.     <u>STANDARD OF REVIEW</u>

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     <u>DISCUSSION</u>

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     <u>Failure to State a Claim Against the Named Defendant</u>

Although Plaintiff lists Defendant's name in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that Defendant violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must

"offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Additionally, to the extent that Plaintiff may be attempting to bring a claim against Defendant based on a theory of supervisory liability, such a claim is subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as to Defendant.

B.     Property Claims

Additionally, this action should be summarily dismissed because Plaintiff fails to state a claim as to the loss of his clothing. A claim of intentional deprivation of property (such as clothing) by a prison official does not state a constitutional due process claim, provided that the prisoner has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (concluding that "intentional deprivations do not violate [the Due Process] Clause provided, of course, that adequate state post-deprivation remedies are available"). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property by bringing a

tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15–78–10 *et seq*. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (state courts are available for property claims and the State process is constitutionally adequate); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930–31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process).

Additionally, to the extent that Plaintiff asserts a claim for negligent deprivation of property by a prison official, such a claim does not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 332, 335–36 (1986) (holding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original)).

C.     <u>Failure to Exhaust Administrative Remedies</u>

This action is also subject to summary dismissal because Plaintiff failed to exhaust his available SCDC remedies prior to filing this action. Before a prisoner can proceed with a lawsuit in federal court, he must first exhaust his administrative remedies as required by the PLRA, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a

plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" *Woodford v. Ngo*, 548 U.S. 81 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; *Jones v. Bock*, 549 U.S. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). The Fourth Circuit has stated that exceptions to the rule (that an inmate need not demonstrate exhaustion of administrative remedies in his complaint and that failure-to-exhaust is an affirmative defense that the defendant must raise) which allow a court to sua sponte dismiss a complaint for failure to exhaust administrative remedies are rare. *Custis v. Davis*, 851 F.3d 358, 361-362 (4th Cir. 2017). Here, Plaintiff filed this Complaint shortly after submitting his grievance to SCDC. *See* ECF No. 1 at 7-9, 14-15. It is clear from the face of the Complaint that he did not exhaust his administrative remedies prior to filing this lawsuit.

D.    Failure to State a Cognizable Request for Relief

This action is subject to summary dismissal because Plaintiff fails to state a cognizable claim for relief. In the "Relief" section of the Complaint, Plaintiff merely asks that this court "hold" Defendant. It is unclear what he is requesting. However, to the extent he may be attempting to ask for criminal prosecution of Defendant, individuals such as the Plaintiff here have no constitutional right to, or in fact any judicially cognizable interest in, the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A private citizen does not

have a judicially cognizable interest in the prosecution or nonprosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Additionally, to the extent he is requesting some disciplinary action against Defendant, this Court lacks power to do so as to a state official. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C.1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), citing *United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.1960). Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).

E.     State Law Claims

To the extent that Plaintiff may instead be attempting to allege claims under South Carolina law for the loss of his personal property, his claims should be dismissed. Because Plaintiff fails to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...".  28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the

parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side). Here, Plaintiff and Defendant are both citizens of South Carolina. *See* ECF No. 1 at 2.

Thus, there is no complete diversity and Plaintiff may not bring his claims pursuant to § 1332. As Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[1] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

August 13, 2024
Charleston, South Carolina

---

[1] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable"). Here, any attempt to cure the deficiencies in the complaint would be futile for the reasons discussed above.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).